UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN ROE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1474 JCH |
| | ) | |
| SAINT LOUIS UNIVERSITY, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**ORDER**

This matter is before the Court on Defendant Saint Louis University's Motion to Compel, filed June 18, 2009. (Doc. No. 36). The Court, being fully advised in the premises, FINDS, ORDERS AND DECREES as follows:

**IT IS HEREBY ORDERED** that Defendant Saint Louis University's Motion to Compel (Doc. No. 36) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendant Saint Louis University with forensic copies of the hard drives of all laptops at issue, including, but not limited to, the three laptops she has thus far identified, no later than **Friday, July 24, 2009**. Defendant Saint Louis University will retain Inspirian Computer Forensics of Chesterfield, Missouri, a forensic analyst, to attempt to recover all electronically stored information on all laptops. Defendant Saint Louis University shall bear the costs of the copying of said hard drives and of the forensic analysis of each hard drive.

**IT IS FURTHER ORDERED** that Defendant Saint Louis University and its counsel shall not review the contents of the hard drives, but will only provide them to Inspirian Computer Forensics. Upon completion of the analysis, Inspirian Computer Forensics shall provide both parties

a written report of the results. Plaintiff's counsel shall then have the opportunity to first review any recovered documents for responsiveness and privilege, and shall supplement Plaintiff's discovery responses as necessary within ten (10) days of receipt. If any documents are removed on the basis of privilege, Plaintiff shall produce a privilege log that complies with this Court's rules.

**IT IS FURTHER ORDERED** that the forensic analyst's direct or indirect access to information protected by the attorney-client privilege will not result in a waiver of the attorney-client privilege. Defendant Saint Louis University, by requesting this discovery, and all other Defendants in this action, are barred from asserting that any such disclosure to the forensic analyst constitutes any waiver by Plaintiff of any attorney-client privilege.

Dated this 10th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE