UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOAN ROE, <br><br> Plaintiff <br><br> V. <br><br> SAINT LOUIS UNIVERSITY, ET AL., <br><br> Defendants | CASE NO. 4:08-CV-01474 JCH |

**Plaintiff Joan Roe's Opposition to Defendant Sigma Tau Gamma Fraternity Inc.'s Motion for Summary Judgment**

Plaintiff Joan Roe, by and through her undersigned counsel, opposes and responds to Defendant Sigma Tau Gamma Fraternity Inc's ("Sigma Tau") Motion for Summary Judgment as follows:

### INTRODUCTION

This case is about a freshman female student athlete who was sexually assaulted at a fraternity party, and the subsequent way she was treated by her University.

Defendant Sigma Tau hereby seeks that this Court grant summary judgment against Plaintiff as to this fraternity defendant, based on: 1) Plaintiff's having asserted her Fifth Amendment Rights during her deposition; and 2) A separate statement of supposedly uncontroverted material facts.

1

The first argument (based on Fifth Amendment assertion), is not addressed in this opposition. For Defendant raised the same argument with this Court in a separate motion (Docket #102), which Plaintiff has opposed (Docket #110). The Court has recently commented on that motion, delaying ruling until Plaintiff produces herself for a new deposition no later than January 15, 2010 (Docket #112). Plaintiff herein incorporates by reference its opposition to that motion. (Docket#102).

The second argument (based on Separate Statement of Uncontroverted Material Facts) fails for the reasons set forth below.

## STANDARD OF REVIEW

In ruling on a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S.Ct. 2502 (1986). The Court is required to resolve all ambiguities in favor of the non-movant, and because summary judgment is a "drastic device", the moving party bears a heavy burden of demonstrating the absence of any material issues of fact. Nationwide Life Ins. Co v. Bankers Leasin Ass'n, Inc. (2d Cir. 1999) 182 F3d 157, 160.

## ARGUMENT

Defendant Sigma Tau's motion is based on alleged uncontroverted facts, by an affidavit, that are not only controverted, but wrong. The additional facts provided by Plaintiff in the attached separate statement reveal that the key facts of this case, as against defendant Sigma Tau, are indeed controverted. Further, Defendant cannot cure its shortcomings by an additional affidavit, in part because it brings this motion prematurely.

**A. Defendant's Facts in Support of the Argument that the Acts of Defendant's local chapter, Epsilon Xi, Cannot be Imputed To It, Are Controverted And, Indeed, Wrong.**

Defendant first argues that it and its local chapter, Epsilon Xi, are "separate" entities. That Sigma Tau is simply a "resource and support services organization." That the two entities "operate independently." And that Sigma Tau has no power to implement policies or procedures for members of Epsilon Xi. Each of these assertions is not only contested, but proven to be false, by Sigma Tau's own document. See Plaintiffs Statement of Additional Controverted Material Facts numbers 21 to 88.

Sigma Tau's constitution, for example, provides that Epsilon Xi members are governed by the Constitution, Laws, and Policies of Sigma Tau. (Exhibit 1 at STG002). Its Laws dictate that Epsilon Xi members are obligated by Sigma Tau to pay initiation fees and membership dues to Sigma Tu. (Exhibit 1 at STG002; Exhibit 3 at SLU 01282).And its policies dictate that Members of Epsilon Xi are only elected to membership in accordance with the laws of Sigma Tau. (Exhibit 1 at STG 005).

Moreover, Sigma Tau's very structure, and detailed provisions for penalizing Epsilon Xi members who violate Sigma Tau laws or policies, reveals that far from independent organizations, these are highly dependent organizations, with Sigma Tau having authority over not only Epsilon Xi, but also its members. Sigma Tau law mandates, for example, how and how often Epsilon Xi bill its members, and reserves the right to remove any Epsilon Xi officer who deviates from these provisions. (Exhibit 1 at STG 007).

Moreover, as to two key components of the current case: parties that involve alcohol, and sexual assault, Sigma Tau has policies that directly speak to these issues, as well. Sigma Tau's Risk Management Policy, for example, sets out several prohibitions on alcoholic beverages, such as that possession, use or consumption in any situation sponsored or endorsed by the local chapter, must be in compliance with all applicable laws. (Exhibit 1 at STG 015). Sigma Tau's Risk Management Policy prohibits any form of sexually abusive behavior by fraternity members,

3

"including but not limited to date rape, gang rape or verbal or written harassment." (Exhibit 1 at STG 015).

Plaintiff refers the Court to Additional Controverted Facts Nos. 22 to 88 for scores of additional facts revealing that these are not separate entities, that Sigma Tau is far more than a "resource" for Epsilon Xi, that Sigma Tau does have the power to implement not only policies, but laws, for members of Epsilon Xi, and that the two entities in no way shape or form operate "independently."

The language of one federal court is quite clear that, based on the facts in a particular case, a national fraternity may indeed not be distinct from its local chapters: "The fraternity bylaws and other exhibits in the record reflect a national organization that relies largely on provincial officers like Sexton to oversee, supervise, intervene and liaison for the national fraternity in matters impacting the national fraternity at the local level. Although the trunks, limbs and branches of the entity that is the "national fraternity" may be separately incorporated, they all serve the most basic objective of preserving and expanding the size and reach of the national fraternity and protecting local chapters from disciplinary actions injurious to the fraternity's standing on campus and its related recruitment efforts." See, e.g. Fiacco v. Sigma Alpha Epsilon Fraternity, 2006 WL 890686 (D.Me. 2006).[1]

### B. Defendant's Facts As To It Having No Direct Connection To The Fraternity Party On The Night In Question Are Also Of No Use To Defendant.

---

[1] Further, the primary case cited, Ostrander v. Duggan, 341 F.3d 745 (8th Cir. 2003), is readily distinguished because in that case, unlike the allegations and fact in this case: the fraternity had an official fraternity house separate from apartment building where assault occurred; there was no evidence that fraternity held its parties in the building where assault took place; the sex took place in bedroom of assailant where victim went voluntarily, not a common area where security camera/ personnel would be appropriate; and the assault did not occur during a fraternity sponsored event attended by any one other than the victim and assailant; the major nexus urged by plaintiff was the stuffing of envelopes for a fraternity mailing during a bedroom visit; there was no history of violent assaults in building where assault took place; and there was no sale and service of alcohol to minors in evidence.

Defendant's "uncontroverted facts" as to whether it (the national Sigma Tau defendant) had direct involvement in the party at which the assault occurred are equally unhelpful to Defendant.

Each of the alleged facts disavow knowledge of danger at, or involvement with the party at, "the premises" See Facts Nos. 5 to 12. But the party, and the assault, did not occur at the premises. See Plaintiff's Statement of Additional Controverted Material Facts nos. 5 to 12 and 90 to 92.

Thus, Defendant's motion, facts, and affidavit upon which they are based, when referencing a lack of any involvement at a party at "the premises", are not only immaterial, they are irrelevant.

### C. Defendant Could Not Remedy These Deficiencies With A New Affidavit.

Even if Defendant were able to have its affiant supply a new affidavit, attesting that Sigma Tau had no involvement with the fraternity party at the correct address (607 N. Grand Avenue), this would not affect the fact that this motion should be denied.

#### 1. Sigma Tau Gamma's Epsilon Xi Chapter's Actions are Admittedly Controverted

The reason Defendant Sigma Tau attempts to dissociate itself from Epsilon Xi is that Epsilon Xi cannot make the same types of claims as Sigma Tau does: that it did not control the premises of the assault; or plan or prepare the party; or fund or assist or staff the party; or host the party; or that no officers were present; or that it had no prior knowledge of problems either at the premises or with Mr. Difonzo.

The conclusion that these facts are all controverted as to Epsilon Xi is most tellingly supported by a simple fact: Epsilon Xi, which has joined with Sigma Tau in every prior motion, has not joined in this one. Nor has Epsilon Xi provided a similar declaration to the one of Sigma Tau as the facts listed above.

5

Further, Plaintiff, though far from being done from discovery, has unearthed facts demonstrating that this was a fraternity party of the Epsilon Xi chapter of Sigma Tau Gamma. (Exhibit 14, SLU 00504); (Exhibit 15, SLU 00507-509); (Exhibit 16, SLU 00515); (Exhibit 17, (SLU 00210-00213); (Exhibit 18, SLU00723); (Exhibit 12 at p.4).

### 2. Defendant's Affiant's Credibility is At Issue

As can be seen in the attached Plaintiffs Statement of Additional Material Controverted Facts  Nos. 21-88, there are many demonstrable facts that call into question the credibility of Defendant's affiant's representations that Sigma Tau and Epsilon Xi are separate, that Sigma Tau has no power to implement policies applicable to Epsilon Xi, that Sigma Tau and Epsilon Xi operate independently, etc. (Defendants "Uncontroverted Facts" nos. 13 to 16), It would be unwarranted and inequitable, in such a situation, to grant summary judgment on the basis of such an affiant's assertions, even if he were to amend his affidavit to address some of its current shortcomings.

### 3. Defendant's Motion Is Premature In Any Event, In Part Due to Defendant's Own Acts

Defendant's motion, moreover, is premature. The date for the cutoff of discovery, pursuant to the court's recent case management order,  is still 3 months away (see Docket 100). Defendant's motion, to the extent it relies not on its discredited affidavit, but on the lack of evidence of Defendant, is premature. While Plaintiff has already attached evidencing material facts sufficient to proceed against Defendant Sigma Tau, it is undoubted that it will gather much more information in the upcoming approximately 12 weeks through depositions and other discovery devices, none of which have been completed to date.[2]

---

[2] Celotex Corporation v. Caterett, 477 U.S. 317, 106 S.Ct. 2548,  the seminal case on summary judgment motions made on grounds of lack of proof by non-moving parties, specifically noted that not only had the parties had adequate time for discovery, but had already conducted discovery. 466 U.S. 317 at 326. In holding that affidavits were not necessary, it relied on the provisions of Rule 56(c), providing for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . " Id. at 322. It also noted that if the motion were premature, the proper remedy would be found under the terms of Rule 56(f), which provides for the court to refuse the motion,

Further, any lack of evidence on the part of Plaintiff is due in part to the actions of Defendant, itself. For, Plaintiff has already propounded discovery to Defendant on the very issues Defendant raises on this motion: the policies of Sigma Tau (and Epsilon Xi); the knowledge of risk of Sigma Tau (and Epsilon Xi); and the details surrounding this incident, in particular. In response to these properly propounded discovery requests, Defendant, like its co-defendant, the Epsilon Xi chapter of Sigma Tau, asserted blanket objections to every single request, and produced nothing. See Plaintiffs Statement of Additional Material Controverted Facts 5 and 90.

In such a situation, even if the Court were however unlikely inclined to grant Defendants motion, it would be a most equitable alternative to delay ruling until discovery has been completed, as provided for under Federal Rule 56(e)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,
Law Offices of David J. Fraser
By:/s/ David J. Fraser
David J. Fraser, Esq.
Attorney for Plaintiff Joan Roe

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Defendant St. Louis University

Neal Perryman:
nperryman@lewisrice.com

---

continue it for more discovery, or other just order. *Id.* at 326.

Jami Boyles:
jboyles@lewisrice.com

Counsel for Defendants  Sigma Tau Gamma
Fraternity Inc. and Sigma Tau Gamma Epsilon
Xi Chapter:

David Hoffman
dhoffman@sandbergphoenix.com

                                                  /s/ David J. Fraser
                                                    David J. Fraser, Esq.
                                                    Attorney for Plaintiff Joan Roe