UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOAN ROE,                                    )
                                             )
            Plaintiff(s),                    )
                                             )
      vs.                                    )          Case No. 4:08CV1474 JCH
                                             )
SAINT LOUIS UNIVERSITY, et al.,              )
                                             )
            Defendant(s).                    )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sigma Tau Gamma Fraternity, Inc.'s Motion for Summary Judgment, filed November 18, 2009. (Doc. No. 106). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Joan Roe ("Roe") brings this suit under a fictitious name. Roe was a student at Defendant Saint Louis University ("SLU") from August, 2006, to December, 2006. (First Amended Complaint and Jury Demand ("Complaint" or "Compl."), ¶ 1). Roe attended SLU on an athletic scholarship for field hockey. (Id., ¶ 7).

As it relates to Defendant Sigma Tau Gamma Fraternity, Inc. ("Sigma Tau"), Roe's Complaint alleges that on October 27, 2006, she was the victim of a sexual assault by another SLU student at a SLU fraternity party. (Compl., ¶ 14). The party allegedly took place at an establishment known as the Ballroom, located at 607 N. Grand Avenue, in St. Louis, Missouri. (Sigma Tau's Motion for Summary Judgment, ¶ 6; Affidavit of David Z. Hoffman, ¶¶ 4-7). Roe alleges Sigma Tau and its local affiliate, Sigma Tau Gamma Epsilon Xi Chapter ("Epsilon Xi Chapter"), were negligent in the following respects:

64.    Defendants, Sigma Tau Gamma Fraternity, Inc. and Sigma Tau Gamma Epsilon Xi Chapter, acted negligently by failing to properly supervise the Halloween party given by its members on October 27, 2006 in which there were alcohol and illegal substances present and in which Joan Roe was raped by Alexander DiFonzo, a member of said fraternity and local chapter.

65.    Defendants, Sigma Tau Gamma Fraternity, Inc. and Sigma Tau Gamma Epsilon Xi Chapter, acted negligently by failing to put into practice any policies and procedures or safeguards in operating a social function, such as the party on October 27, 2006, to prevent any violent or deviant behavior by its members and to prevent any harm and/or injury to the fraternity's invitees.

66.    Defendants, Sigma Tau Gamma Fraternity, Inc. and Sigma Tau Gamma Epsilon Xi Chapter, acted negligently by failing to create and/or put into practice any policies and procedures or safeguards against recruiting/inviting into their membership, persons of violent or dangerous nature or behavior, by screening their backgrounds (both criminal and social).

(Compl., ¶¶ 64-66).

As stated above, Defendant Sigma Tau filed the instant Motion for Summary Judgment on November 18, 2009. (Doc. No. 106). Sigma Tau asserts it is entitled to judgment on Roe's claims against it, because the uncontroverted material facts establish a lack of duty on the part of Sigma Tau, and because Roe refused to cooperate in discovery and allow defense counsel to inquire about her alleged emotional distress damages. (Id., ¶ 4).

## DISCUSSION

## I.    Absence Of Duty

As stated above, in its motion Sigma Tau first asserts it is entitled to judgment on Roe's claims against it, because the uncontroverted material facts establish a lack of duty on the part of Sigma Tau. (Defendant Sigma Tau Gamma Fraternity, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment ("Sigma Tau's Memo in Support"), PP. 5-10). Specifically, Sigma Tau asserts it did not have a duty to protect Roe from the criminal acts of a third party, as Roe failed to establish the fraternity owned, possessed, or controlled the premises where the attack allegedly

occurred; failed to establish her status as an invitee; and failed to establish the assault was foreseeable. (Id., PP. 6-8). Further, Sigma Tau maintains any acts, omissions, or knowledge on the part of Sigma Tau's local affiliate, Epsilon Xi Chapter, cannot be imputed to Sigma Tau. (Id., PP. 8-10).

In response Roe asserts, *inter alia*, that Sigma Tau's motion is premature, as the discovery deadline in this matter is still several months away. (Plaintiff Joan Roe's Opposition to Defendant Sigma Tau Gamma Fraternity Inc.'s Motion for Summary Judgment, P. 6). Roe further announces her intention to seek additional discovery on the very issues raised in Sigma Tau's motion, including the policies of Sigma Tau and Epsilon Xi Chapter, the knowledge of risk of Sigma Tau and Epsilon Xi Chapter, and the details surrounding the alleged sexual assault. (Id., P. 7).

Upon consideration, the Court finds it appropriate to permit Roe to pursue further discovery, through the discovery deadline, in an effort to garner evidence tending to contradict the assertions in Sigma Tau's motion. This portion of Sigma Tau's Motion for Summary Judgment will therefore be denied without prejudice.

## II.     Failure To Cooperate

In its motion, Sigma Tau next asserts summary judgment is appropriate because Roe refused to allow defense counsel to inquire into possible alternate causes or contributing factors to her alleged emotional distress. (Sigma Tau's Memo in Support, PP. 10-12). Specifically, Sigma Tau notes that during her initial deposition, Roe repeatedly refused to answer questions regarding alleged underage drinking and illegal drug use, citing her Fifth Amendment privilege against self-incrimination. (Id., P. 10).

The Court's review of the record reveals Roe submitted to a second deposition on January 7, 2010, during which she elected to waive the Fifth Amendment privilege asserted in her previous

deposition.  (See Doc. No. 131, P. 1; Doc. No. 133, P. 2).  In light of this development, the Court will deny this portion of Sigma Tau's Motion for Summary Judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sigma Tau Gamma Fraternity Inc.'s Motion for Summary Judgment (Doc. No. 106) is **DENIED** in part and **DENIED** without prejudice in part, in accordance with the foregoing.


Dated this 4th day of February, 2010.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE