UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN ROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:08CV1474 HEA |
| | ) |
| SAINT LOUIS UNIVERSITY, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court in response to the parties' briefing regarding whether a Rule 17(c) hearing is necessary.  Plaintiff submits that the issue of her competency is no longer in question and, therefore, there is no longer a pending Rule 17(c) issue.  Defendants contend that the hearing must be held so that the Court can determine whether Plaintiff ever was incapacitated (and, if so, at what point).

In December, 2009, Plaintiff filed a petition for a conservator as an "incapacitated person" from a Hawaii Probate Court.[1]  As a temporary safeguard, the Hawaiian court granted Plaintiff a special conservatorship.  Subsequently, the

---

[1] At the time she filed the conservator petition, Plaintiff's domicile was in Hawaii.

Hawaiian court appointed Plaintiff a Kokua Kanawai.[2]  In August, 2010, the Kokua Kanawai reported back to the Hawaiian court that he had retained the services of a mental health expert to examine Plaintiff Roe.  After an examination on July 22, 2010, the mental health expert, psychiatrist Dr. Jon Streltzer, determined that Plaintiff Roe may have been subject to psychiatric impairments in the past, however, they were no longer present at the date of his examination.  Based upon these findings, the Kokua Kanawai recommended that there was no need for an appointment of a conservator.  Plaintiff Roe subsequently withdrew her petition, and does not contest these findings.

Defendants now request that the Court conduct the Rule 17(c) hearing to determine whether Plaintiff Roe was ever, in fact, incapacitated, and if so, to what extent.  Defendants do not believe that there is actually any issue regarding Plaintiff Roe's capacity, or that there ever has been.  They simply request that the Court make a determination regarding this matter even though all parties are currently in agreement that there is no capacity issue. While the Court respects Defendants' position to make sure there is no question regarding capacity in the event Plaintiff Roe receives an unfavorable ruling, the Court finds that such a

---

[2]     Under HRS § 560:5-102, a Kokua Kanawai is an individual appointed by a court who has the role and authority granted by Rule 113 of the Hawaii Probate Rules.  Essentially, they serve as an independent guardian ad litem.

practice would compromise judicial efficiency in this case.  Furthermore, under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of a party to sue is determined by the law of the party's domicile. *Zimmerman v. Nolker,* 2008 WL 5432286, 4 (W.D.Mo., 2008); *Richards v. Duke Univ.,* 166 Fed. Appx. 595, 598 (3d Cir.2006) (citing Fed.R.Civ.P. 17).  In this case, relying on the recommendations of a Kokua Kanawai and psychiatrist Dr. Jon Streltzer, the Hawaii Court already accepted Joan Roe's withdrawal petition in September of 2010–over one year ago.  As such, the Court finds that a Rule 17(c) hearing is not necessary in this instance, and there is currently no competency issue pending.

Accordingly,

**IT IS HEREBY ORDERED** that a Rule 17(c) hearing is not necessary in this instance.

Dated this 7th day of December, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE