UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1474 HEA |
| | ) | |
| SAINT LOUIS UNIVERSITY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sigma Tau Gamma Epsilon Xi Chapter's ("Xi Chpater") Motion for Summary Judgment [ECF No. 204] and Defendant Sigma Tau Gamma Fraternity, Inc's ("Sigma Tau") Renewed Motion for Summary Judgment [ECF No. 207]. Plaintiff Joan Roe filed a response in opposition to both motions [ECF Nos. 220, 222, respectively], to which Xi Chapter and Sigma Tau replied [ECF Nos.235, 236, respectively]. For the reasons set forth below, Xi Chapter and Sigma Tau's Motions for Summary Judgment shall be granted.

## **Factual Background**[1]

---

[1] The Court's recitation of the facts is drawn form the parties' statements of material facts filed in conjunction with Fraternity Defendants' motion for summary judgment and Plaintiff's opposition.

Plaintiff's allegations relate to incidents which allegedly occurred while she was a student of St. Louis University ("SLU"). Plaintiff seeks damages against SLU for various alleged injuries under theories of negligence, Title XI - Deliberate Indifference, Title XI - Disparate Treatment, Intentional Misrepresentation/False Promise, Negligent Misrepresentation/Deceptive Merchandising Practice, and Breach of Contract. These claims all stem from alleged mistreatment related to a purported back injury and the alleged rape. Relevant to the motion now before the Court, Plaintiff's sole claim against Sigma Tau and Xi Chapter ("Fraternity Defendants" hereinafter) is a claim for negligence. Plaintiff claims that Fraternity Defendants acted negligently by failing to properly supervise the Halloween party given by its members on October 27, 2006 in which there were alcohol and illegal substances present and, and in which Plaintiff was allegedly raped by Alexander DiFonzo, a member of said fraternity and local chapter. The party purportedly took place at an establishment known as the Ballroom, located at 607 N. Grand Avenue in St. Louis, Missouri. The Ballroom was owned by Kohner Properties, Inc. The party was attended by numerous other fraternity and sorority members, not just members of Fraternity Defendants.

Plaintiff's Complaint alleges that Fraternity Defendants acted negligently by failing to put into practice any policies and procedures or safeguards in operating a

2

social function, such as the party on October 27, 2006, to prevent any violent or deviant behavior by its members and to prevent any harm and/or injury to the fraternity's invitees. Further, Plaintiff contends that Fraternity Defendants acted negligently by failing to create and/or put into practice any policies and procedures or safeguard against recruiting/inviting into their membership, persons of violent or dangerous nature or behavior, by screening their backgrounds (both criminal and social).

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not

rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence

4

that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

### Discussion

*Plaintiff's Negligence Claim*

Fraternity Defendants contend that summary judgment is proper here because neither Sigma Tau nor the Xi Chapter had a duty to protect Plaintiff from criminal acts of third parties, and because the alleged assault was not foreseeable. Additionally, both Fraternity Defendants contend that they are entitled to summary judgment on Plaintiff's punitive damages claims. To prevail on a negligent failure to protect claim against Fraternity Defendants, Plaintiff must show that (1) Fraternity Defendants had a duty to protect Plaintiff; (2) it breached that duty; and (3) the breach caused Plaintiff's injuries. *Johnston v. Warren County Fair Ass'n, Inc.*, 110 F.3d 36, 38 (8th Cir. 1997).

Fraternity Defendants rely on the Missouri 8th Circuit case *Ostrander v. Duggan,* 341 F.3d 745 (8th Cir.2003). In *Ostrander*, a female University of Missouri student alleged that she was sexually assaulted by a fellow student, Mr. Duggan, who was a member of Delta Tau Delta fraternity. *Id.* Ostrander was invited by Duggan to a house he shared with eleven members of Delta Tau Delta to help stuff fraternity alumni newsletters into envelopes. *Id.* at 747. After consuming what she believed were two shots of vodka, Ostrander alleged that she experienced intermittent periods of consciousness during which she was aware Duggan sexually assaulted her multiple times. *Id.* Ostrander sued Duggan, the fraternity and the university for damages. The United States Disctrict Court for the

6

Western District of Missouri granted summary judgment for fraternity and university, and Ostrander appealed. The 8th Circuit Court of Appeals affirmed the judgment and held that the fraternity was not the owner of the premises in question, and Ostrander was not a business invitee. *Id.* at 749.[2]

Plaintiff contends that a duty should be imposed here because on October 27, 2006, Fraternity Defendants were allegedly hosting a party in which members of the fraternity were present and failed to properly supervise the party to prevent the alleged sexual assault against Plaintiff, who was an "invitee." Plaintiff urges that *Ostrander* is not on point, and that the facts in that case were "very different." The Court disagrees and finds *Ostrander* controlling here. With regard to Plaintiff's premises liability claim, it cannot be said that Defendant Sigma Tau or Defendant Xi Chapter owned, possessed, or controlled the apartment in question. As the record reflects, The Ballroom was owned by Kohner Properties, Inc.. Neither Sigma Tau nor Xi Chapter were identified as a party to the lease. Additionally, the party was attended by numerous other fraternity and sorority members, not just members of the Fraternity Defendnats, and only two of the three tenants that leased the property in question were actually members of Xi Chapter.

---

[2] The Court of Appeals also held that the university was not deliberately indifferent to the assault report; however, that portion of the ruling is not relevant to the issues currently before the Court.

As such, the evidence does not demonstrate that Sigma Tau or Xi Chapter policed or in any way controlled the premises in question, legally or factually. *See Id.* at 748.

Based on the record, it cannot be said that Plaintiff entered the premises as a business invitee. At best, Plaintiff was invited to the party through a Facebook invitation; however, there is a dispute among the parties as to whether Plaintiff was invited at all. Regardless, Plaintiff attended the party for the purpose of socializing with other students at a social event. Plaintiff suggests that because a potential profit may have been gained by the residents who hosted the party, any student who attended the party should be deemed a business invitee. The Court is unpersuaded by this argument. Plaintiff's reliance on *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547, 553 (Mo. 1987), is misguided. Citing *Harriman v. Smith*, 697 S.W.2d 219 (Mo.App. 1985), the Missouri Supreme Court in *Andres* stated the following:

> [U]nlike commercial vendors, social hosts do not realize any pecuniary gain from the furnishing of alcoholic beverages and for this reason they likewise have no incentive to encourage excessive consumption. *Id.* In addition, the typical social host lacks the expertise required to evaluate the quantity of alcohol a guest can safely consume. *Id.* Lastly, commercial vendors are able to insure themselves against the risks of furnishing alcoholic beverages while such protection is not presently available to social hosts. *Id.*

Fraternity Defendants Sigma Tau and Xi Chapter cannot be considered "commercial vendors" as described by the Missouri Supreme Court in *Andres*. By hosting a college Halloween party, Fraternity Defendants did not have any incentive to encourage excessive consumption, they did not have the expertise required to evaluate the quantity of alcohol a guest can safely consume, and they certainly were not able to insure themselves against the risks of providing alcohol in the same way a true commercial vendor would. *See Id.*

Assuming *in arguendo* that Plaintiff raised genuine issues of material fact on the issue of possession and entrant status, she fails to satisfy Missouri's "special facts and circumstances" exception to the no duty to protect rule. Generally, an owner or possessor of a premises is under no duty to protect an invitee from criminal acts of third persons because such criminal acts are rarely foreseeable. *L.A.C. v. Ward Parkway Shopping Ctr. Co.,* 75 S.W.3d 247, 257 (Mo.2002). Missouri recognizes two "special facts and circumstances" exceptions to the rule that business entities have no duty to protect invitees from criminal acts committed by third persons. *Ostrander,* 341 F.3d at 749. (citing *Faheen v. City Parking Corp.,* 734 S.W.2d 270, 272-273 (Mo.Ct.App.1987). Under the first exception, a "duty may arise when a person, known to be violent, is present on the premises or an individual is present who has conducted himself so as to indicate

danger and sufficient time exists to prevent injury." *Id.* Under the second exception, business owners have a duty to protect invitees from the criminal acts of unknown third persons in "circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Id.* (quoting *Madden v. C&K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. 1988). "Courts have required proof of 'specific incidents of violent crimes on the premises that are sufficiently numerous and recent to put a defendant on notice, either actual or constructive, that there is a likelihood third persons will endanger the safety of defendant's invitees.'" *Id.* (quoting *Faheen*, 734 S.W.2d at 273-274.)

Plaintiff readily admits in her response to both Xi Chapter and Sigma Tau's Statement of Uncontroverted Material Facts [ECF No. 220 and 223 respectively] that as of October 27, 2006, Fraternity Defendants had no knowledge of any prior violent crimes or sexual assaults at the premises in question. Further, Plaintiff admits that as of October 27, 2006, Fraternity Defendants had no knowledge of, or information to suggest, any violent tendencies, aggressive behavior, or history of sexual assault for Alexander DiFonzo. As such, the "special facts and circumstances" exception to the no duty to protect rule do not apply here. In light of the reasoning above, Xi Chapter and Sigma Tau's Motions for Summary Judgment shall be granted.

*Plaintiff's Punitive Damages Claim*

In Plaintiff's "Prayer for Relief" in her Amended Complaint [ECF No. 25], she seeks punitive damages against Fraternity Defendants. As laid out above though, the Court is granting summary judgment in favor of Fraternity Defendants. Even so, under Missouri law, "punitive damages can be awarded in a negligence action but only when the defendant knew or had reason to know that there was a *high degree of probability* that the action would *result in injury*. Hoover's Dairy, Inc. v. Mid-American Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 436 (Mo. banc 1985) (emphasis in original). As discussed above, Fraternal Defendants did not know or have reason to know that there was a high degree of probability that a sexual assault would occur and result in injury. The incident was not foreseeable. As such, punitive damages are not warranted here.

## **Conclusion**

For the reasons set forth above, Plaintiffs claims against Fraternity Defendants fails. Neither Sigma Tau nor Xi Chapter had a duty to protect Plaintiff, and Plaintiff entered the premises in question as a social guest, not a business invitee. As such, Plaintiff's negligence claims against Fraternity Defendants fail. Additionally, Plaintiff is not entitled to punitive damages from Fraternity Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sigma Tau Gamma Epsilon Xi Chapter's Motion for Summary Judgment [ECF No. 204] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sigma Tau Gamma Fraternity, Inc's Renewed Motion for Summary Judgment [ECF No. 207] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Jane Roe's First Motion to Dismiss Party Defendants Sigma Tau Gamma Fraternity Inc. and Sigma Tau Gamma Epsilon Xi Chapter [ECF No. 211] is **DENIED** as moot.

Dated this 31st day of October, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE