UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN ROE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1474 HEA |
| | ) | |
| SAINT LOUIS UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Bills of Costs, [Doc. No.'s 360 and 361]. Plaintiff objects to the Bills of Costs. For the reasons set forth below, Defendants' Bills of Costs are granted, as modified herein.

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d

1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:
A judge ... of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under [§ ] 1923 of this title;

    (6) Compensation of court appointed experts....

28 U.S.C. § 1920.

**Forensic Imaging and Expert Analysis of Plaintiff's Laptops**

Pursuant to 28 U.S.C. § 1920(6), Court appointed expert fees are recoverable. The Court appointed Ispirian Computer Forensics to examine Plaintiff's laptops on July 10, 2009. Although the Court ordered Defendant Saint Louis University to bear the costs of the copying at that time, Plaintiff has failed to

establish that the cost should not now be assessed as a taxable cost. Plaintiff's argument that the expert was not neutral is without merit. The cost will be taxed.

**Reporting fees**

Both video and stenographic costs cannot be recovered, rather, the Court concludes that **either** stenographic costs or videotaped depositions can be recovered. In 2008, Congress amended § 1920 to include "printed **or** electronically recorded transcripts." 28 U.S.C. § 1920(2)(emphasis added); see also *EEOC v. CRST Van Expedited*, Inc., No. 07–CV–95–LRR, 2010 WL 520564, at *5 (N.D.Iowa Feb.9, 2010) (discussing pre-amendment Eighth Circuit precedent and the 2008 amendment), vacated on other grounds, 679 F.3d 657 (8th Cir.2012). Although the Eighth Circuit has not decided the issue, courts have previously found that, "[i]n light of the use of the disjunctive in [28 U.S.C. § 1920(2) ], ... costs are taxable for either stenographic transcription or videotaped depositions—not both." *CRST Van Expedited*, 2010 WL 520564, at *5. See *Winter v. Novartis Pharm. Corp*., No. 06–4049–CV–C–MJW, 2012 WL 3993623, at *4 (W.D.Mo. Sept.11, 2012) (holding the losing party had to reimburse the prevailing party for transcript costs, but not for costs associated with video depositions); *Sportsman v. BNSF Ry. Co*, No. 4:10CV531TIA, 2011 WL 4528388 at *2 (E.D. Mo. Sept. 29, 2011)(precluding both the recovery of the costs of depositions recorded by both stenographic and non-stenographic means.); *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998,

at *2 (E.D.Mo. May 10, 2010) ("[I]t would be contrary to the plain language of § 1920 to allow [the prevailing party] to recover costs for both stenographic transcripts and video costs for the same depositions."). Thus, the Court will allow the greater of the costs of depositions, as follows:

Joan Roe: $1,587.45

John Roe: $1,355.70

Mary Roe: $1,339.95

Joan Roe: $1,130.05

Janet Oberle: $475.75

Alexander DiFonzo: $ 449.75.

Defendant Saint Louis University's bill of costs shall therefore be reduced by: $5445.83.

Defendants Sigma Tau Gamma Fraternity and Sigma Tau Gamma Epsilon XI Chapter's Bill of Costs:

Joan Roe: $662.26 and shall be reduced by $380.50.

The Court finds all other claimed charges were necessarily obtained for use in trial and are included in taxable costs, as explained by Defendants. Plaintiff's other objections are therefore overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Fraternity Defendants Bill of Costs, [Doc. No. 360] is approved, less $380.50

**IT IS FURTHER ORDERED** that Defendant Saint Louis University's Bill of Costs, [Doc. 361], is approved, less $5445.83.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendants Sigma Tau Gamma Fraternity and Sigma Tau Gamma Epsilon XI Chapter and against Plaintiff in the amount of $11,591.36.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendants Saint Louis University and against Plaintiff in the amount of $33992.42.

Dated this 25th day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE